**UNITED STATES of America, Appellee,**

v.

**Clarence HORTON, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Robert ITZKOWITZ, Appellant.**

Nos. 77–1258, 77–1270.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 29, 1977.

Decided Sept. 7, 1977.

Gary P. Barket, Little Rock, Ark., for appellant, Horton.

Leon B. Catlett, Little Rock, Ark., for appellant, Itzkowitz.

Wilbur H. Dillahunty, U. S. Atty. and Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

The sole issue raised is whether the trial court erred in permitting the government to amend the indictment at the close of the government's case to reinstate the phrase which had been inadvertently stricken by the trial court, and then permitting the government to offer additional testimony with respect to the stricken phrase. We find no error in the trial court's actions.

**530**

In the original indictment, the defendants were charged with two offenses. First, they were charged with causing a licensed firearms dealer to sell to a person who the licensee knew, or had reason to know, was not a resident of the State of Arkansas in violation of 18 U.S.C. § 922(b)(3). Second, they were charged with causing a licensed firearms dealer to knowingly make false entries in records which are required to be kept pursuant to 18 U.S.C. § 923 in violation of 18 U.S.C. § 922(m).

Prior to trial, the trial court, apprehensive as to the constitutionality of 18 U.S.C. § 922(b)(3), caused the indictment to be amended so that it would charge only a violation of 18 U.S.C. § 922(m). In making the change and in reading the revised charge to the jury, the phrase "causing a licensed firearms dealer" was inadvertently omitted. A jury was sworn and two days of testimony was taken. At the close of the government's case, the defendants moved for judgment of acquittal on the ground that the government had failed to prove that the defendants had caused a licensed firearms dealer to knowingly make false entries in the required records. The trial court then permitted the government to amend the indictment and reinstate the omitted phrase. It also permitted the government to reopen its case and to offer testimony that defendants had in fact caused a licensed firearms dealer to make false entries in the required records. At the close of the defendants' case, the jury was properly instructed in accord with the amended indictment.

The defendants were properly charged by the grand jury in the conjunctive. The grand jury clearly felt that the defendants had violated both 18 U.S.C. §§ 922(b)(3) and 922(m). Under these circumstances, there was no departure from the indictment at trial, and the trial court committed no error in making the amendments to the indictment outlined above.

The convictions of the defendants are affirmed.